M. J. White, W. H. McBride, and T. C. Miller v. The State.

No. 7972.   Decided December 19, 1923.

Rehearing denied January 23, 1924.

**1.—Unlawfully Manufacturing Intoxicating Liquor—Codefendant—Witness.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, one of the defendants entered his plea of guilty and was used by the State as a witness against his co-defendant before a verdict had been rendered against him, there was no merit in the objection that he was an incompetent witness.

**2.—Same—Witness Under Rule—Deputy Sheriff.**

In the absence of any abuse of discretion by the trial Judge in permitting two deputy sheriffs to testify and not enforcing the rule for witnesses under the rule, as to them there is no reversible error.

**3.—Same—Argument of Counsel.**

In the absence of a statement of facts which would indicate that the argument of the State's counsel was not a proper deduction from the evidence, there is no reversible error.

**4.—Same—Rehearing—Practice on Appeal—Argument of Counsel.**

In the absence of a statement of facts the question of trial court allowing witnesses to testify who were supposed to be under the rule, and the remarks attributed to State's counsel as objectionable, cannot be considered on appeal, and the motion for rehearing must be overruled.

Appeal from the District Court of Brazoria. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of unlawful manufacture of intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*A. E. Masterson, Cade Bethea,* and *S. F. Hill,* and *Adams & Moore,*

for appellant.—On question of argument of counsel, Styles v. State, 239 S. W. Rep., 964.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

HAWKINS, JUDGE.—Appellants were jointly indicted and jointly tried for the unlawful manufacture of intoxicating liquor. Allen entered a plea of guilty but his codefendants were tried upon their pleas of not guilty. All were found guilty and their respective punishments fixed at three years confinement in the penitentiary.

No statement of facts accompanies the record and the alleged errors complained of must be determined alone from the bills of exception bringing them forward. After Allen entered his plea of guilty he was used by the State as a witness against his codefendants. Objection was interposed because he had theretofore entered a plea of guilty. There is no merit in this objection. No final judgment of conviction had been entered against Allen, and at the time he testified no verdict of the jury upon his plea had been returned. He was testifying before the same jury to which he had submitted his plea. (See authorities collated under Note 19, page 701, Art. 788, Vernon's C. C. P.)

Complaint is made in bill of exception number two because the witness Davis was permitted to testify after the rule had been invoked and because he had remained in the courtroom and had heard the witness Johnson testify. Bill number three complains because the witness Russell was permitted to testify after having been in the courtroom and hearing a part of the testimony of the witness Johnson. Each of these bills is defective in not apprising this court what Johnson's testimony was and that the evidence of Davis and Russell in some way might have been affected thereby; or had some connection therewith. As to Davis the explanation to the bill shows that he was a deputy sheriff and had been assigned to wait upon the court during the term. As to Russell the explanation shows that he was also a deputy sheriff and was not present at the time the other witnesses were sworn and placed under the rule and came into the courtroom while Johnson was testifying; as soon as it was discovered that he had come into the courtroom he was sent out with the other witnesses and heard no testimony except a part of the witness Johnson. There is nothing in the bills to make it appear that the judge in any way abused his discretion in the matter complained of. Bills four, five and six complain of argument of counsel for the State. In one instance he remarked:

"From the testimony adduced on this witness stand the inference to be drawn is that the defendants are bootleggers."

In another instance the language was:

"That Miller and McBride's wives and children would have been far better off if said defendants had worked at some honest, legal work than if they had come to Brazoria County to bootleg, as the evidence seems to show."

As before mentioned, we do not have the facts proven upon the trial before us and there is no statement in the bills of exception which would indicate that the arguments complained of were not proper deductions from the evidence. The objection was that they were inflammatory and prejudicial. So far as we are apprised by the bills the statements complained of may have been entirely proper. In addition to this the explanation to the bill complaining of the language last quoted shows clearly to have been in response to argument of counsel for appellant.

The record discloses that a new trial was granted to Allen. The judgments against White, McBride and Miller are affirmed.

*Affirmed.*

January 23, 1924.

ON REHEARING.

LATTIMORE, JUDGE.—There being no statement of facts in this case, we have no possible means of determining that the discretion of the trial court was abused in allowing witnesses to testify who were supposed to be under the rule. We are compelled to presume there was reason for such action on the part of said court, in the absence of any showing to the contrary. Nor can we hold a statement by the State's attorney in argument wrongful so as to call for a reversal, said statement being as follows: "From the testimony adduced on this witness stand, the inference to be drawn is that the defendants are bootleggers," in the absence of a statement of facts. The remark attributed to the State's attorney seems to be based on his deductions from the testimony. How can we say that said remark was unwarranted? If the evidence showed appellants to be bootleggers, it would be no transgression of the rules of argument to so state.

The motion for rehearing must be overruled.

*Overruled.*